NOT DESIGNATED FOR PUBLICATION

No. 123,921

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WAHID HAKIM ALLAH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed March 4, 2022. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before GARDNER, P.J., HILL and ISHERWOOD, JJ.

PER CURIAM: Wahid Allah appeals the district court's revocation of his probation and its imposition of a modified prison sentence, asserting that the district court should have imposed an even lesser sentence.

We granted Allah's motion for summary disposition under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). After reviewing the record on appeal and finding no error, we affirm.

Allah pleaded guilty to one count of possession of methamphetamine. His criminal history score of B placed him in a presumptive prison sentencing range of 32 to 36

months. The district court sentenced him to 34 months' prison then suspended that sentence and granted Allah 12 months' probation.

While on probation, Allah twice stipulated to violating the conditions of his probation. After Allah stipulated to technical violations at his first violation hearing, the district court imposed a 60-day jail sanction and ordered Allah to attend inpatient drug treatment. But Allah failed to enroll in inpatient treatment and stipulated to that violation at a later hearing.

The State then moved the district court to revoke Allah's probation but it did not oppose a modified 18-month prison sentence. Allah, who was 77 years old at the time of the revocation hearing, argued for a greater reduction based on his age and the staleness of his prior convictions. The district court revoked Allah's probation and modified his sentence from 34 months to 18 months. Allah timely appeals, alleging that the district court erred by not further reducing his sentence.

Generally, once a probation violation has been established, the district court's decision to revoke the offender's probation and impose the original sentence is discretionary unless otherwise limited by statute. See *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018). "A trial court abuses its discretion when it makes a decision that is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact." *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

As the party alleging an abuse of discretion, Allah bears the burden of proving error. See *State v. McLinn*, 307 Kan. 307, 348, 409 P.3d 1 (2018). But Allah does not argue that the district court made a legal or factual error, and the record shows that the district court recognized and exercised its discretion. Allah challenges only the reasonableness of the district court's decision to sentence him to 18 months instead of

fewer months. We will thus set aside the district court's decision only if no reasonable person could agree with it. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Allah contends that his age and the staleness of his criminal history should have compelled more of a sentence modification. But we find the district court's decision to revoke Allah's probation and order him to serve his prison sentence, as modified, was reasonable. The district court exercised its discretion and cut Allah's sentence from 34 months to 18 months. Allah fails to show that no reasonable person would have done the same.

Affirmed.